UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 7 |
| Mabrothers, LLC | ) ) | Case No. 22-10229-JEB |
| DEBTOR | ) ) ) |  |

## MOTION TO APPROVE COMPROMISE WITH EASTERN BANK

John O. Desmond, chapter 7 trustee of the estate of Mabrothers, LLC ("Trustee"), respectfully moves this Honorable Court to approve a compromise of the estate's preference claim against Eastern Bank pursuant to Fed. R. Bankr. P. 9019. The claim arises out of payments made by the Debtor on two unsecured loans from Eastern Bank within the 90 days prior to the case filing (the "Claim"). The Trustee has filed an adversary proceeding against Eastern Bank to avoid the allegedly preferential payments. *See, Desmond v. Eastern Bank*, AP No. 22-01064 (the "Adversary Proceeding"). As described more fully herein, the Trustee proposes to settle the Claim for $50,000.00 and a waiver of any claim Eastern Bank may have against the bankruptcy estate. In support of this motion, the Trustee states:

Background Information

1. On February 27, 2022, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Shortly thereafter, the Trustee was appointed chapter 7 trustee.

2. At the time of the case filing, the Debtor had paid its debt to Eastern Bank in full.

1

3. Based on information obtained by the Debtor, including wire transfer records, during the 90 days prior to the case filing (the "Preference Period"), the Debtor paid Eastern Bank $61,966.49.

4. On July 12, 2022, a demand letter was sent to Eastern Bank on behalf of the bankruptcy estate. Eastern Bank responded to the demand by asserting various defenses to the preference claim, including that Eastern Bank had a perfected security interest in the funds used to pay the loans.

5. The parties engaged in settlement discussions but were unable to reach an agreement at that time. Thus, on November 16, 2022, the Trustee filed a complaint against Eastern Bank seeking to avoid preferential payments of $61,966.49 for the benefit of the bankruptcy estate.

6. After the complaint was filed, the parties resumed settlement discussions. Eastern Bank has not answered the complaint.

7. The Trustee now seeks authority to settle the Claim as summarized below and more fully described in the Settlement Agreement attached as Exhibit 1. To the extent that the actual terms of the Settlement Agreement differ from the description of the Agreement contained herein, the terms of the Settlement Agreement shall control.

### Terms of Agreement

8. In full and final settlement of the Claim, Eastern Bank will pay the Trustee $50,000.00 and waive any claim it may be entitled to assert against the bankruptcy estate.

9. Upon entry of a final order of the Bankruptcy Court approving the Settlement, the Trustee and Eastern Bank will dismiss the Adversary Proceeding with prejudice.

10. Eastern Bank has already tendered the Settlement payment, which the Trustee is holding in escrow pending the approval of this motion.

<u>Basis for Approval</u>

11. Federal Rule of Bankruptcy Procedure 9019 empowers bankruptcy courts to approve settlements if they are in the best interest of the estate. In determining whether a settlement is in the best interest of the Estate, a bankruptcy court is not required to determine and rule upon every disputed fact and question of law "but rather [it is] to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)* 136 F.3d 45, 51 (1st Cir. 1998) (quoting *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 608 (2nd Cir. 1983)).

12. The bankruptcy court is required to "assess and balance the value of the claim…being compromised against the value…of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995) (internal citation omitted). The First Circuit has identified several factors that a bankruptcy court may consider in determining whether to approve a settlement:

    a. the probability of success were the claim to be litigated;

    b. the interests of the creditors and a proper deference to their reasonable views;

    c. the difficulties, if any, in collecting on a judgment;

    d. the experience and competence of the fiduciary proposing the settlement; and

      e. the complexity of the litigation involved, and the expense, inconvenience and delay attending it. *See*, *In re Healthco Int'l, Inc.*, 136 F.3d at 50; *Jeffrey v. Desmond*, 70 F.3d at 185.

13. Consideration of the foregoing factors should demonstrate whether the settlement is fair and equitable, and whether the claim or asset the estate is giving up is outweighed by the advantage to the estate of the settlement. *In re C.R. Stone Concrete Contractors, Inc.*, 346 B.R. 32, 49 (Bankr. D. Mass. 2006).

14. The bankruptcy judge is not to substitute her judgment for that of the trustee and the trustee's judgment is to be accorded some deference. A trustee is entitled to wide latitude when the liquidation of a potential asset involves protracted investigation or potentially costly litigation with no guarantee of success. *In re C.R. Stone*, 346 B.R. at 49.

15. The duty of the estate representative, here the Trustee, in considering whether or not to settle a claim, is "to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays and expense of prolonged litigation in an uncertain case." *Id.*

16. The Trustee believes the Settlement is in the best interest of the estate. While the Trustee believes he would ultimately prevail at trial, the net benefit of the Settlement to unsecured creditors will likely exceed the net benefit of a judgment when taking into account the costs and delay of litigation and collection.

17. The Settlement amount of $50,000.00 is approximately 81% of the Trustee's maximum recovery at trial but without any of the concomitant risk, cost, or delay.

18.    In addition, Eastern Bank has waived its right to assert a claim against the estate pursuant to 11 U.S.C. § 502(h).  The waiver of Eastern Bank's claim will increase the dividend to the other unsecured creditors, thereby increasing the value of the Settlement.

19.    Given the foregoing considerations, the Trustee believe the Settlement is in the best interest of the bankruptcy estate.

WHEREFORE, the Trustee requests this Court grant this motion, approve the attached Settlement Agreement between the Trustee and Eastern Bank, and grant such further relief as is deemed just.

Respectfully submitted,
**John O. Desmond, Chapter 7 Trustee of the estate of Eastern Bank**
By his attorney,

/s/ Kate E. Nicholson
Kate E. Nicholson (BBO# 674842)
Nicholson P.C.
21 Bishop Allen Drive
Cambridge, MA 02139
(857) 600-0508
knicholson@nicholsonpc.com

Dated: January 26, 2023

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this ___ day of January 2023, by and between John O. Desmond as Chapter 7 Trustee (the "Trustee") for Mabrothers, LLC (the "Debtor"), and Eastern Bank. The Trustee and Eastern Bank are also referred to below individually as a "Party" or collectively as the "Parties."

## WHEREAS:

A. On or about February 27, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), commencing case no. 22-10229-JEB (the "Bankruptcy Case").

B. On or about February 28, 2022, the Trustee was appointed as the chapter 7 trustee in the Bankruptcy Case.

C. On or about November 16, 2022, the Trustee filed an adversary proceeding against Eastern Bank in the Bankruptcy Court, Adv. Pro. No. 22-01064 (the "Adversary Proceeding"), asserting claims against Eastern Bank to avoid and recover certain alleged preference transfers totaling $61,966.49 made by the Debtor to Eastern Bank.

D. In communications with the Trustee, Eastern Bank has asserted various defenses and denies liability for the Trustee's claims against it.

E. The Trustee and Eastern Bank, having informally exchanged information and evaluated the strengths and weaknesses of their respective claims and defenses, and without any admissions as to their respective positions, are desirous of compromising and settling the Trustee's claims against Eastern Bank in their entirety, in order to avoid the expenses and risks of litigation, on the following terms and conditions.

**NOW THEREFORE**, in consideration of the premises and mutual promises set forth below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Settlement Payment.** Eastern Bank agrees to pay the Trustee the sum of Fifty Thousand Dollars ($50,000.00) (the "Settlement Payment") within seven (7) days of the execution of this Agreement.

2. **Waiver of Claim.** Eastern Bank agrees to waive any claim it may have against the Debtor's bankruptcy estate.

3. **Court Approval of Settlement.** This Agreement is conditioned upon and shall not become effective unless and until it is approved by the Bankruptcy Court. The Trustee shall hold the Settlement Payment in trust until the entry of a final order of the Bankruptcy Court approving the Agreement and the expiration of the applicable appeal period for the order. In the event that the Court does not approve this Agreement or the order approving the Agreement is overturned on

1

appeal, (i) the Trustee shall promptly return the Settlement Payment to Eastern Bank, and (ii) this Agreement shall be null and void with the Parties returning to their original respective positions with no rights waived.

4. **Dismissal with Prejudice of the Adversary Proceeding.** As soon as practicable after receipt of the Settlement Payment and the entry of a final non-appealable order approving this Agreement, as described in paragraph 3 above, the Trustee and Eastern Bank shall promptly execute a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41, which shall cause the Adversary Proceeding to be dismissed with prejudice, with each Party to bear its own attorneys' fees and costs of suit.

5. **No Admission of Liability.** Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.

6. **Merger and Integration.** This document sets forth the entire agreement of the Parties and all prior and contemporaneous conversations, agreements, understandings, covenants, representations, and negotiations with respect to the subject matter hereof are merged herein and superseded hereby. No other agreements, covenants, representations, or warranties, express or implied, oral or written, have been made by any of the Parties with respect to the subject matter hereof.

7. **Counterparts.** This Agreement can be signed in facsimile or PDF counterparts.

8. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce and construe the terms and provisions of this Agreement.

9. **Governing Law.** This Agreement is made and entered into under the laws of the state of Massachusetts and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the state of Massachusetts and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

10. **No Presumption.** There shall be no drafting inference in connection with this Agreement.

11. **Review by Counsel.** By signing this Agreement, the Parties represent that they have reviewed this Agreement with counsel or have been given an opportunity to review it with counsel and have chosen not to do so.

12. **Authority.** By signing this Agreement, the Parties represent that they have full authority to enter into this Agreement.

13. **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by both Parties and, if applicable, with Bankruptcy Court approval. This Agreement shall bind and inure to the benefit of the Parties

hereto and their respective successors, predecessors, and assigns. The Parties agree to, on request of the other Party, to perform all acts reasonably necessary to effectuate this Agreement.

Executed as of the date written above

**John O. Desmond, Chapter 7 Trustee**
**of the estate of Mabrothers, LLC**
By his attorney,

*/s/ Kate E. Nicholson*

Kate E. Nicholson (BBO# 674842)
Nicholson P.C.
21 Bishop Allen Dr.
Cambridge, MA 02139
(857) 600-0508
knicholson@nicholsonpc.com


**Eastern Bank**
By its attorney,

*/s/ Jack J. Mikels*

Jack J. Mikels BBO # 345560
Michael A. Wirtz, BBO # 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169
(617) 472-5600
lawoffice@jackmikels.com

3